**IN THE UNITED STATES DISTRICT COURT**

**for the NORTHISN DISTRICT of INDIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| TRAVIS STORY )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>  )<br>FIAT CHRYSLER AUTOMOTIVE )<br>    Defendant. ) | Case No.:<br><br>JURY DEMAND |

**First Amended Complaint and Jury Demand**

Comes now Plaintiff, Travis Story, by and through his counsel, and for his Complaint against the Defendant, states as follows:

I. **JURISDICTION**

1. The action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

2. All preconditions to jurisdiction under § 706 of Title VII, 42 U. S. C. § 2000e-5(f) (3), have been satisfied.

    a. Plaintiff filed a charge of employment discrimination on the basis of Race and Retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged employment discrimination.

    b. The EEOC issued a "right to sue" letter to plaintiff on October 28, 2016.

    c. Plaintiff received the notice from the Indianapolis office of the EEOC on or about October 31, 2016.

3. This action also arises under 42 U.S.C. §1981 for racial discrimination and retaliation.

## PARTIES

4. At all times relevant, Plaintiff, Travis Story, has resided in the State of Indiana and is a citizen of the United States.

5. At all times relevant hereto, Fiat Chrysler Automotive, Inc., (Defendant) is a for-profit corporation licensed and doing business in the State of Indiana, is and at all times mentioned herein, an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 US.C. §1981.

6. Plaintiff is an African-American male.

7. At all relevant times, Plaintiff was an employee of the Defendant's.

8. On information and belief, Defendant is an Indiana Domestic Corporation with its principal place of business in Indianapolis, Indiana.

10. At all relevant times, Defendant operated from a facility in Kokomo, Indiana.

11. At all relevant times, Defendant employed more than 15 people.

### III. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

12. Plaintiff, Travis Story, is an employee of defendant, Fiat Chrysler Automotive for about three (3) years. He works as a production operator. He is the only African American male in the Output Support department.

13. Almost immediately upon his hire, Story was subjected to a panoply of unlawful, discriminatory, retaliatory conduct which constituted a hostile work environment because of his race. This included, but is not limited to, the following:

   a. A work environment where he is constantly singled out for harassment;

    b. Unwanted physical contact by management;

    c. Unwarranted surveilance of his work and breaks by management;

    d. Made to do work alone on jobs that white workers work in groups to perform;

    e. Denied training on other jobs which has prevented him from being promoted;

    f. Being passed over for trainng in favor of white employees hired after him

    g. Being unjustly and discriminatorily disciplined.

14. On or about April 11, 2016, Joseph Fellows, one of Story's supervisors, disciplined him after falsely accusing him of refusing to do his job.

15. Fellows did not discipline a similarly situated white employee even though the white employee and Story work as a team.

16. On April 8, 2016, Story reported a white supervisor, Chris Deweese, to Deweese's superiors for harassing and intimidating him on the basis of his race.

17. Chris continued to harass and retaliate against Story by engaging in the aforementioned acts.

## COUNT I

## RACE DISCRIMINATION – Title VII of the Civil Rights Act

Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 17, and repleads and reincorporates same as though fully set forth herein.

18. During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the

course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of racial discrimination against the Plaintiff which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991. The discriminatory behavior Plaintiff was forced to endure included segregation of job duties, extra work not assigned to Caucasian workers, extreme scrutiny over his whereabouts while Caucasians were allowed much more freedom and autonomy because of his race and in retaliation for his complaining about the behavior.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT II

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count II all allegations contained in rhetorical paragraphs 1 through 18, and repleads and reincorporates same as though fully set forth herein.

19. Story was subject to unwelcome harassment as specified above.

20. The harassment Story suffered was based upon his race, in violation of federal law.

21.  The harassment suffered by Story was severe, pervasive and altered the terms and conditions of his employment.

22.  Defendant was aware of the harassment and hostile work environment, yet took no corrective measures. Defendant's inaction and failure to take prompt remedial action caused a wolf pack mentality in which managers and employees felt they could act with impunity with regard to the harsassment of Plaintiff.

23.  The harassment was perpetrated by supervsiory personnel of the Defendant and Defendant itself.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT III

## RETALIATION IN VIOLATION OF TITLE VII

The Plaintiff, TRAVIS STORY, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count III all allegations contained in rhetorical paragraphs 1 through 23**,** repleads and reincorporates same as though fully set forth herein.

24.  The Defendant violated Story's rights unter Title VII by retaliating against him when he complained to them of the discriminatory acts, disparate treatment and hostile work environment he suffered as set forth above.

25. As a proximate result of the practice alleged, Story has suffered and will continue to suffer substantial and irreprable injury, loss of training, skills, promotion and pay, mental distress and future damages.

26. To punish the Defendant for its retaliation and to deter such conduct in the future by the Defendant, its agents/employees, exemplary/punitive damages should be awarded.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT IV

## VIOLATION OF 42 U.S.C. §1981 BY RACIAL DISCRIMINATION AND RETALIATION

The Plaintiff, TRAVIS STORY, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count IV all allegations contained in rhetorical paragraphs 1 through 26**,** repleads and reincorporates same as though fully set forth herein.

27. Defendant has intentionally discriminated against Mr. Story in violation of Section 1981 of the Civil Rights Act of 1866 by maintaining a pervasive atmosphere perpetuating discrimination, including:

    (a)  maintaininig a racially hostile work environment that waas severe or pervasive enough to alter his terms and conditions of employment;

    (b)  intentionally denying him the terms and conditions of employment based on his race; and

( c ) retaliating against him for asserting his rights against discrimination.

28. Defendant willfully and wantonly, with knowledge of its violation of various civil rights laws, denied Plaintiff the right to enforce the rights and benefits of his employment relationship, because of his complaints about racial discrimination against him. Damages for retaliation are unequivocally adopted by 42 U.S.C. §1981, as amended.

29. Plaintiff was repeatedly and publicly singled out for harassment, humiliation and intimidation.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## COUNT V

## VIOLATION OF 42 U.S.C. §1981 BY RETALIATION

The Plaintiff, TRAVIS STORY, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count V all allegations contained in rhetorical paragraphs 1 through 29**,** repleads and reincorporates same as though fully set forth herein.

30. During the course and scope of the Plaintiff's employment with the Defendant, the Defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their retaliation against the Plaintiff, which the Defendant condoned and ratified, took no action to stop and performed willfully or wantonly against the Plaintiff, while Defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of 42 U.S.C. S § 1981, as amended by the Civil Rights Act of 1991.

31. That the Plaintiff has suffered and continues to suffer substantial losses and earnings, job experience, promotions and other employment benefits that Plaintiff rightfully would have received absent the retaliation. The Plaintiff has incurred additional costs and expenses in prosecuting this civil action against the Defendant to protect the Constitutional and statutory rights of the Plaintiff with respect to the Defendant. The Plaintiff has suffered humiliation, mental pain and anguish, embarrassment to name, character and reputation, and has suffered decreased employability. In addition, the above acts by the Defendant and the Defendant's agents, supervisors, employees and servants acting individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the awarding of compensatory and punitive damages in favor of the Plaintiff against the Defendant, and an award in favor of the Plaintiff and against the Defendant for the Plaintiff's attorney fees, expert witness fees and other costs associated in filing this Complaint against the Defendants.

32. The actions of Defendant were intentional, willful, and malicious and in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## COUNT VI

## INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS

The Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count VI all allegations contained and set forth within rhetorical paragraphs 1 through 33, and repleads and reincorporates same as though fully set forth herein.

34. The defendant, acting by its supervisors, managers, agents and servants, did intentionally, recklessly and/or negligently inflict severe and prolonged emotional distress upon Plaintiff by its harassment, discrimination, and retaliation of the Plaintiff.

35. That as a proximate result of the outrageous and egregious acts of the Defendant, the Plaintiff has suffered and continues to suffer physical, emotional, personal, psychological and familial distress, for which Plaintiff herein incorporates as damages as set forth above.

**WHEREFORE**, the Plaintiff, TRAVIS STORY, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Travis Story, prays for:

a. Award of compensatory damages against Defendant in an amount in excess of $300, 000 dollars;

b. Award of compensatory damages, back pay, pre-judgment interest, post-judgment interest and lost benefits, in an effort to make Plaintiff whole;

c. Award of punitive damages as allowed by law; ;

d.  Reasonable attorney's fees, expert witness fees, expenses and costs of this action and of prior administrative actions; and

e.  Such other relief as this Court deems just and appropriate

f.  For all othe equitable and legal relief to which Plaintiff appears entitled.

## VII. JURY DEMAND

Plaintiff hereby requests and demands a trial by jury on all issues properly submissible to a jury.

s/Bryan K. Bullock
Bryan Bullock (Atty. No. 22812-45)
The Law Office of Bryan K. Bullock, LLC
Attorney for Plaintiff
7863 Broadway, Suite 217
Merrillville, Indiana 46410
P/219-472-1546
F/219-472-1545
attybullock@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2017, service of a true and complete copy of the attached and foregoing pleading was made upon all counsel of record by depositing same in the U.S. Mail in envelopes properly addressed and with sufficient first-class postage affixed.

s/Bryan K. Bullock
Bryan K. Bullock